JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ARMANDO GARIBAY-ALONSO,     )  NO. EDCV 26-1765 JGB (AS)
                   )
         Petitioner,   )
                   )
      v.            )  **ORDER DISMISSING PETITION WITHOUT PREJUDICE**
                   )
WARDEN,             )
                   )
        Respondent.  )
                   )

On April 10, 2026, Petitioner Armando Garibay-Alonso ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against the Warden of the United States Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California, which is in this district. (Docket ("Dkt.") No. 1). Petitioner asserts he is currently being detained at the ICE Processing Center, and he alleges his continued detention without an individualized bond hearing violates the United States Constitution and the Immigration and Nationality Act. (Petition at 1-4). Petitioner seeks his immediate release from custody or, in the alternative, an order for an immediate individualized bond hearing before an Immigration Judge at which the

government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is necessary. (Petition at 4).

On April 21, 2026, the Court issued a briefing schedule requiring Respondent to file an Answer within seven days, and allowing Petitioner to file a Reply within three days after the Answer is filed. (Dkt. No. 3).

On April 28, 2026, Respondent filed a Response asserting that Petitioner incorrectly alleges he is housed in Adelanto. (Dkt. No. 7). Instead, Respondent reports that, at the time Petitioner filed his Petition, he was – and still remains – housed at the California City Detention Facility in California City, California. (Id.). California City is located in Kern County, which is within the jurisdiction of the United States District Court for the Eastern District of California. 28 U.S.C. § 84(b). Petitioner did not timely file a Reply.

Given the discrepancy as to Petitioner's location, Magistrate Judge Sagar held a hearing on May 8, 2026. (See Dkt. Nos. 8-9). At the hearing, Petitioner's counsel confirmed that Petitioner is detained at the California City Detention Facility, and that the Petition was mistakenly filed in this district. Petitioner's counsel also explained that Petitioner had already filed a habeas corpus petition in the Eastern District and agreed to dismiss this action. Magistrate Judge Sagar ordered the parties to file a Stipulation of Dismissal by no later than May 11, 2026; however, the parties failed to do so. (See Dkt. No. 9).

2

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (quoting FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)).   "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement[,]" Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); Trump v. J.G.G., 604 U.S. 670, 672 (2025) (per curiam); see also Padilla, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should . . . file the petition in the district of confinement."); Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024) (The "district of confinement rule[] [applies] to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees."), which in this case is the Eastern District of California.   Accordingly, this Court lacks jurisdiction over the pending Petition.   J.G.G., 604 U.S. at 672; Padilla, 542 U.S. at 443; see also Doe, 109 F.4th at 1197 ("The district court's exercise of jurisdiction was . . . improper because Doe was confined in the Eastern District of California, not the Northern District of California, where his petition was filed.").

A court lacking jurisdiction over an action may transfer it to a court in which the action could have been brought, provided the transfer is "in the interest of justice."   28 U.S.C. § 1631; see Cruz-Aguilera v. Immigr. & Naturalization Serv., 245 F.3d 1070, 1074 (9th Cir. 2001).   Here, the transfer of this action would not be in the

3

interests of justice since Petitioner informed the Magistrate Judge he has already filed a habeas corpus petition in the Eastern District of California and represented to the Magistrate Judge that he intended to dismiss this action.  Instead, this action should be dismissed without prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

DATED: May 16, 2026.

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

4